# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHARLES BENJAMIN, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> JENNIFER SACHSE, ) <br> ) <br> Respondent. ) | Case No. 4:16-cv-01179-NCC |

## MEMORANDUM AND ORDER

This matter is before the Court on review of Petitioner Charles Benjamin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant application for writ of habeas corpus appears to be a second or successive application within the meaning of 28 U.S.C. § 2244.

On May 19, 1994, a jury found Petitioner guilty of first degree murder, kidnapping, burglary, and felony stealing. *State v. Benjamin*, No. 23CR193-2043 (23rd Judicial Circuit, Jefferson County). Petitioner was sentenced to life imprisonment without the possibility of parole on the first degree murder count, fifteen years on the burglary count, fifteen years on the kidnapping count, and seven years on the felony stealing count, sentences to run consecutively. *Id.* Petitioner timely filed a direct appeal and his convictions were affirmed on August 1, 1995. *See State v. Benjamin*, 909 S.W.2d 361 (Mo. App. E.D. 1995). On May 15, 1997, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court Eastern District of Missouri. *See Benjamin v. Dormire*, Case No: 4:97-CV-841. The Petition was subsequently denied on September 29, 2000, and Petitioner was not granted a certificate of appealability. *Id.*

In the instant action, Petitioner challenges the same conviction and sentence under *Miller v. Alabama*, 132 S.Ct. 2455 (2012) and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), which held that juveniles may not be sentenced to life imprisonment without the possibility of parole. To the extent that Petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that Petitioner seeks to bring new claims for habeas relief, Petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). It does not appear that Petitioner sought leave from the Court of Appeals before bringing this action. Therefore, Petitioner must show cause why this action should not be dismissed or transferred to the Court of Appeals.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner must show cause, no later than fourteen (14) days from the date of this Order, why this action should not be dismissed or transferred to the Court of Appeals.

Dated this 4th day of August, 2016.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE